# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Larry Dwayne Smith,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

**2:14-cv-02218-JAD-CWH**

**Order Denying Petition, Denying Certificate of Appealability, and Closing Case**

[ECF No. 5]

Nevada state-prison inmate Larry Dwayne Smith brings this § 2254 petition to challenge his state-court conviction and sentence for robbery and related charges. Having reviewed Smith's petition, respondents' answer, and Smith's reply, I find that Smith is not entitled to federal habeas relief, so I deny his petition and decline to issue a certificate of appealability.

## Background

A jury in Nevada's Eighth Judicial District Court found Smith guilty of conspiracy to commit larceny from the person, robbery, and larceny from the person.[1] At the sentencing hearing, the state conceded that the second larceny charged merged with the robbery charge, and the state district court dismissed that larceny count.[2] Smith appealed; the Nevada Supreme Court affirmed.[3]

Smith then filed a post-conviction habeas petition in the state district court.[4] The state district court denied the petition,[5] Smith appealed, and the Nevada Supreme Court affirmed.[6] Smith then

---

[1] ECF No. 12-4.

[2] ECF No. 12-6 at 4, 9.

[3] ECF No. 13-7.

[4] ECF No. 13-14.

[5] ECF No. 14-4.

[6] ECF No. 14-13.

timely commenced this federal habeas action.  He asserts two grounds for relief: (1) the evidence

presented at trial was insufficient to support the jury's verdict on the robbery count and (2) trial

counsel was ineffective.  I address each in turn.

**Discussion**

**A.     Standard for habeas relief under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person

in state custody on any claim that was adjudicated on the merits in state court unless the state-court

decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

law or (2) was based on an unreasonable determination of the facts in light of the evidence presented

in the state-court proceeding.[7]  Because de novo review is more favorable to the petitioner, federal

courts can deny claims by engaging in de novo review rather than applying the deferential AEDPA

standard.[8]

**B.     Smith is not entitled to federal habeas relief on claim one.**

Smith argues that the evidence at trial was insufficient to support the jury's guilty verdict on

the robbery charge.  The Nevada Supreme Court rejected this claim and summarized at length the

evidence presented at trial.  That evidence showed that Smith took money out of the victim's pocket

without the victim's consent and then, when the victim tried to stop him, Smith punched the victim

in the face to facilitate his escape.  The use of even slight force to facilitate escape after the unlawful

taking of personal property from the person of another is sufficient to constitute robbery under

Nevada law.[9]  Accordingly, the evidence presented at trial was sufficient to support the jury's guilty

verdict on the robbery charge, and claim one is denied.

---

[7] 28 U.S.C. § 2254(d).

[8] *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

[9] NEV. REV. STAT. § 200.380.

**C.      Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[10]   A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11]   If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[12]

**D.      Smith is not entitled to federal habeas relief on claim two.**

In ground two, Smith claims that his trial counsel was constitutionally ineffective for failing to move to suppress the victim's one-on-one identification of Smith as unnecessarily suggestive. The Nevada Supreme Court denied this claim, finding that Smith failed to show deficiency or prejudice: counsel was not ineffective for failing to challenge identity where identity was not an issue.  Even if counsel had made the motion, Smith did not show that it would have been successful. And Smith failed to show prejudice because the co-defendant testified that he saw Smith take the victim's property.[13]

There is a reasonable argument that Smith's counsel satisfied *Strickland* and the Nevada Supreme Court reasonably applied that standard, so Smith is not entitled to relief on his ineffective-assistance claim.

---

[10] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[11] *Id.* at 694.

[12] *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state-court adjudications of *Strickland* claims).

[13] ECF No. 14-13.

1

2  **E.      I decline to issue a certificate of appealability.**

3         To obtain a certificate of appealability, a petitioner must make "a substantial showing of a

4  denial of a constitutional right"[14] by showing that "reasonable jurists would find the district court's

5  assessment of the constitutional claim debatable or wrong."[15]  To meet this threshold, the petitioner

6  must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the

7  issues differently, or that the questions are adequate to deserve encouragement to proceed further.[16]

8  Because no reasonable jurist would find my conclusions in this order debatable or wrong, I decline to

9  issue Smith a certificate of appealability.

10                                    **Conclusion**

11         Accordingly, IT IS HEREBY ORDERED that Smith's petition for writ of habeas corpus

12  **[ECF No. 5] is DENIED, and I decline to issue a certificate of appealability.**  The Clerk of Court

13  is directed to enter judgment for respondents and against Smith and to CLOSE THIS CASE.

14         Dated this 8th day of November, 2016.

15                                    _____
                                      Jennifer A. Dorsey
16                                    United States District Judge

17

18

19

20

21

22

23

24

25

26  [14] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

27  [15] *Slack*, 529 U.S. at 484.

28  [16] *Id.*